**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HENRY HUTCHINSON, | : | |
|  | : | Civil Action No. 08-6289 (MLC) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| DETECTIVE MARK DINATALE, et al., | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

Henry Hutchinson, Plaintiff <u>pro se</u>
123 Brunswick Avenue, Trenton, NJ 08618

**COOPER**, District Judge

Plaintiff, Henry Hutchinson, who was confined at Mercer County Correctional Center when he filed his Complaint, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on the affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from the Complaint and accepted as true for purposes of this review.

> Det. Mark Dinatale and Dan Pagnotta, acting under color of state law violated my federally protected civil rights on June 1, 2008 at approx 1954 hours pm by using Racial Profiling, and or Bias to initiate a seizure while I stood in front of my Resident on Brunswick ave. violated my 4th/14th amend. Allegedly I was engaged in illegal drug activity. The Trenton police officers Above engaged in Racially selective law practices, because officers had no reasonable suspicion to believe crime was being committed under a fact-Based inquiry. The evidence seized was a result of an unlawful search. Officers Detained Plaintiff without probable cause. Searching and seizing was without probable cause. Searching plaintiff without probable cause. Arresting plaintiff without probable cause, and falsely Detaining and imprisoning plaintiff Deprived plaintiff of His Constitutional right to equal Protection of law imprisoning plaintiff unlawful improperly denying plaintiff access to fair and meaningful judicial proceedings. The above acts constitute a violation of the civil rights act 42 U.S.C. (1983) for a violation of ones civil rights under the color of state law. The plaintiff believe Defendants violated my (Hutchinson) right to be free from unconstitutional imprisonment I (Hutchinson) suffered denial of access under the 4th and 14th amend. I (Hutchinson) The plaintiff claims that my (Hutchinson) rights, constitutional rights were violated. 4th, 5th, 8th and 14th Amendments.

(Complaint, ¶ 6.)

Plaintiff seeks compensatory and punitive damages. After submitting the Complaint, Plaintiff advised the Court by letter that he was exonerated of all charges and released.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Court must dismiss, at the earliest practicable time, certain _in forma pauperis_ and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.  SECTION 1983 ACTIONS

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

**A.  General Pleading Requirements**

Any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure ("Rules").  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  A

3

complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ...  It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of

> agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."  A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Twombly pleading standard applies in the context of a § 1983 civil rights action.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a

5

> claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

When assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

>the complaint has alleged-but it has not
>'show[n]'-'that the pleader is entitled to relief.'"
>This "plausibility" determination will be "a
>context-specific task that requires the reviewing court
>to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

The Complaint here is almost devoid of factual allegations. Plaintiff alleges that he was arrested by the defendants, in front of his home, on June 1, 2008 at 7:54 p.m.  Other than these minimal facts, all of Plaintiff's allegations are legal conclusions -- the arrest was accompanied by an unlawful search, based on racial profiling, and made without probable cause.  The facts alleged are not sufficient to raise Plaintiff's claim for relief above the speculative level.

To state a Fourth Amendment claim for false arrest, a plaintiff must allege that:  (1) there was an arrest; and (2) the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).

To make out an equal protection claim in the racial profiling context, a plaintiff must establish that the actions of law

7

enforcement officials "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002) (citations omitted). To establish "discriminatory effect," a plaintiff must be shown to be a member of a protected class and to have been treated differently than similarly situated individuals in an unprotected class. Id. Plaintiff has alleged no facts suggesting either discriminatory effect or discriminatory purpose.

Plaintiff also has alleged no facts whatsoever regarding the allegedly unlawful search. He does not allege whether the defendants searched his person, dwelling, or vehicle. He does not allege whether the search was conducted pursuant to a warrant. He does not allege whether the search took place before or after his arrest. It is impossible to determine what Plaintiff contends was defective about the search.

Plaintiff has failed to state a claim for any constitutional violation in connection with his search and arrest.

**B.   The Motion for Appointment of Counsel**

Plaintiff has applied for appointment of counsel. Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider the following:

> As a preliminary matter, the plaintiff's claim must
> have some merit in fact and law. ... If the district

> court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>    (1) the plaintiff's ability to present his or her own case;
>    (2) the complexity of the legal issues;
>    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>    (4) the amount a case is likely to turn on credibility determinations;
>    (5) whether the case will require the testimony of expert witnesses;
>    (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
>    Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

In considering the first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Courts also should consider whether the plaintiff has access to resources such as a typewriter, photocopier, telephone, and computer.  Id.

"Where the legal issues are complex, it will probably serve everyone involved if counsel is appointed."  Parham, 126 F.3d at 459 (citing Tabron, 6 F.3d at 156 and Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) ("[W]here the law is not clear, it will

9

often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")).

In considering the ability of a plaintiff to investigate the facts, courts "should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules." Parham, 126 F.3d at 460.  In considering the credibility factor, "courts should determine whether the case was solely a swearing contest."  Id.

The necessity of an expert witness "weighs heavily in favor of appointment of counsel."  Id.  Finally, where other factors weigh in favor of appointment of counsel, evidence that a plaintiff has made extensive unsuccessful efforts to obtain counsel weighs heavily in favor of appointment.  Id. at 461.

Analysis of these factors reveals that appointment of counsel is not appropriate here.  As a preliminary matter, Plaintiff has not presented a claim with merit in fact and in law.  Plaintiff also has based his application solely on his lack of financial resources; he has not addressed any of the other Tabron factors.  Accordingly, the application for appointment of counsel will be denied without prejudice.  Plaintiff can renew his application at a later date if circumstances warrant.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), for failure to state a claim.[1]  However, because it is conceivable that Plaintiff may be able to amend his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to move to reopen and to submit as an exhibit thereto a proposed amended complaint, in accordance with the Federal Rules of Civil Procedure and the Local Rules.[2]  The Court will issue an appropriate order and judgment.

s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:     February 9, 2010

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).

[2] When a proposed amended complaint is submitted, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to submit a proposed amended complaint that is complete in itself.  Id.